IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                           Civil No. 01-830 WJ/LFG

A 1997 CHOPPER SFT MOTORCYCLE,
VIN # 4K7581352VC003436,
($7,500.00 in Substitute Res),

    Defendant,

and

GEORGE CROSBY and ANGELA CROSBY,

    Claimants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court pursuant to the United States' Motion for Summary Judgment [Docket No. 20]. Plaintiff's motion was filed on May 4, 2004. As of the date of this Memorandum Opinion and Order, Claimants have not filed a response to the motion. Having considered the United States' brief and being fully advised on the applicable law, I find the motion is well taken and will be granted.

**BACKGROUND**

On February 5, 2001, law enforcement agents from the United States Drug Enforcement Administration (DEA) and the Bernalillo County Sheriff's Office executed a federal search warrant at the property of George and Angela Crosby, 58 Rudy's Lane, Sandia Park, New Mexico. Agents identified an indoor marijuana growing operation consisting of 468 live

marijuana plants. George Crosby admitted conducting the growing operation and stated that all of the plants belonged to him. Angel Crosby admitted that she had knowledge of the growing operation, had been present when marijuana was distributed, and was familiar with some of the customers. Based on observations of the amount of equipment and analysis of the records found on the property, agents concluded that the Crosbys had maintained a large commercial marijuana growing operation for at least four years.

In his deposition, George Crosby admitted to growing and harvesting marijuana at his residence beginning in the summer of 1998. George and Angela Crosby told agents that they derive their income from a mobile car detailing business, Deluxe Detailing. They had no other known employment or income sources. They also had two school age children to support. In calendar year 2000, the Crosbys reported to the New Mexico Department of Revenue total taxable gross receipts of $31,350.00 from Deluxe Detailing. There are no business records or customer receipts from Deluxe Detailing to explain how the reported gross receipts derived from legitimate income sources. The only documented contract with Deluxe Detailing was with the U.S. Marshals Service which contracted with the business on one occasion for a fee of $1,089.00. This is the only documented legitimate revenue of the business discovered by the agents.

Based on records seized pursuant to the search warrant and obtained in the subsequent investigation, the Crosbys known expenses in the year 2000 totaled $36,517.53. This figure includes the Crosbys' mortgage payment, payments on credit cards, payments on other loans, and expenses for utilities including cellular telephones. This figure does not include expenses such as food, personal care, health care, insurance, clothing, vehicles, or gasoline for a four person household. This figure, less the $1089.00 in legitimate income, indicates unexplained income of

$35,428.53 during the year 2000.  Additionally, a mortgage application made by the Crosbys dated 8/24/99 claims a combined gross annual income of $114,240.00.

The defendant 1997 Chopper motorcycle was purchased by George Crosby on May 26, 1999.  There are no liens against it.  Since the purchase, Crosby has purchased approximately $30,149.00 in enhancements and accessories for the motorcycle.  In a deposition taken on December 4, 2001, George Crosby admitted that about $5,000 worth of parts put into the defendant motorcycle was derived from selling marijuana.  Crosby stated that some of the motorcycle bills were paid in cash.  He admitted that there is no way to tell whether the money came from illegal drug sales or his detailing business.  Crosby stated that he put some of the bills for the motorcycle parts on his credit cards.  While he did not know how much of the money to pay his credit card bill came from illegal drug proceeds, some drug money was used to pay off his credit cards.  Around September 20, 1999, Crosby paid approximately $1800 in cash to have the defendant motorcycle painted.  Crosby admitted that some of the cash used to pay for the paint job may have come from illegal drug proceeds.  Crosby also testified that most of the work done on the motorcycle by one mechanic was paid for in-kind because Crosby traded marijuana to the mechanic in exchange for the work.

In July 2001, George Crosby pleaded guilty to violations of 21 U.S.C. § 841(b)(1)(B) and 21 U.S.C. § 856(a)(1) in Criminal Case Number 01-1558 JC.  On February 28, 2002, the parties consented to a motion for interlocutory sale of the defendant motorcycle.  On March 4, 2002, the Court ordered the interlocutory sale.  The net proceeds of the sale totaled $7,500.00.

**LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleading depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Before the burden shifts to the nonmoving party to demonstrate a genuine issue, the moving party must meet its initial burden of demonstrating that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Id.  By failing to file a response to a Rule 56 motion, a nonmoving party waives the right to file a response and confesses all facts asserted and properly supported in the motion. Murray v. City of Tahlequah, 312 F.3d 1196, 1199 (10th Cir. 2002).  However, summary judgment is not proper merely because a nonmoving party has failed to file a response. Id. at 1200.  The burden on a nonmovant to respond arises only if the summary judgment motion is properly supported as required by Rule 56(c). Id. (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 160-61 (1970)).

**DISCUSSION**

In a suit brought pursuant to any civil forfeiture statute, the burden of proof is initially on the government to establish, by a preponderance of the evidence, that the property is subject to forfeiture.  18 U.S.C. § 983(c)(1); United States v. Lot Number 1 of Lavaland Annex, 256 F.3d 949, 956 (10th Cir. 2001).  If the government meets its burden to establish that property is subject to forfeiture, a claimant may defend the property by proving, by a preponderance of the evidence, that he or she is an innocent owner. United States v. $149,442.43, 965 F.2d 868, 876-77 (10th

Cir. 1992). If the claimant fails to meet this burden, the government is entitled to summary judgment on its showing that the property is subject to forfeiture. Id. at 875-76.

The Government's forfeiture action is brought pursuant to 21 U.S.C. § 881(a)(6) which provides that:

> (a)The following property shall be subject to forfeiture to the United States and no property right shall exist in them:
> . . . (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

Under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 983(c)(1), the government must show, by a preponderance of the evidence, that the property is subject to forfeiture because it was exchanged or intended to be exchanged for illegal drugs or constitutes proceeds traceable to such an exchange. See also United States v. $149,442.43, 965 F.2d at 876-77. However, the government need not trace the property to specific drug transactions. Id.

In this case, the undisputed facts set forth in the United States' Motion for Summary Judgment and the evidence offered in support of those facts show by more than a preponderance of the evidence that the defendant property constitutes proceeds traceable to multiple transactions involving illegal controlled substances. By Claimant George Crosby's own admission, he invested at least $5,000 in drug proceeds in the defendant motorcycle and paid for a substantial amount of the work done on the motorcycle with illegal drug trades. Furthermore, the evidence indicates that proceeds from illegal drug transactions were commingled with the Crosbys' legitimate income, that the legitimate income of the detailing business was insufficient to pay the Crosby's basic costs of living, and it cannot be entirely discerned whether cash and credit card payments for

motorcycle bills came from illegal drug proceeds, legitimate income, or a combination of both.

Claimants, having failed to respond to the government's motion for summary judgment, offered nothing to rebut the government's evidence. Additionally, Claimants have offered no evidence to support an innocent owner defense. Therefore, the government is entitled to summary judgment on this forfeiture action, and all right, title and interest in the subject property is forfeited to the United States.

**CONCLUSION**

IT IS THEREFORE ORDERED that the United States' Motion for Summary Judgment [Docket No. 20] is hereby GRANTED and all right, title and interest in the 1997 Chopper SFT Motorcycle, VIN # 4K7581352VC003436 ($7,500.00 in Substitute Res) is forfeited to the United States.

_____
UNITED STATES DISTRICT JUDGE